Patricia C. O'Prey
SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
551 Fifth Avenue
New York, NY 10176
(212) 661-5030
*Attorneys for Gleam Holdings, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LUIGI ABREU, Individually, and On Behalf of
All Others Similarly Situated,

                        Plaintiff,

              - against-

GLEAM HOLDINGS, INC.,

                    Defendant.

------------------------------------------------------------------X

Index No.: 1:22-cv-1331-CM

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

11375568-1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

    A.   Legal Standard for a Motion to Dismiss .......................................................................... 3

    B.   Plaintiff Lacks Standing to Bring This Action .................................................................. 4

    D.   This Court Lacks Personal Jurisdiction Over Gleam Holdings Under New York's Long Arm Statute and the Due Process Clause ....................................................... 9

    D.   Plaintiff Fails to Allege Facts Sufficient to Allege a Violation of the ADA .................... 14

    F.   Plaintiff's Local and State Claims Should Be Dismissed. ................................................. 15

CONCLUSION .......................................................................................................................... 16

CERTIFICATE OF SERVICE ................................................................................................... 17

## **TABLE OF AUTHORITIES**

**Cases**                                                                      **Page(s)**

*American Girl, LLC v. Zembrka,*
   2021 WL 1699928 (S.D.N.Y. Apr. 28, 2021) ........................................................... 12

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .......................................................................... 2, 3, 14, 15

*Beach v. Citigroup Alternative Investments LLC,*
   2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) ......................................................... 3, 10

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) .......................................................................... 2, 3, 14, 15

*Bernstein v. City of New York,*
   621 F. App'x 56 (2d Cir. 2015) ......................................................................... 7

*Best Van Lines, Inc. v. Walker,*
   490 F.3d 239 (2d Cir. 2007) ....................................................................... 11, 12

*Bowman v. G.F.C.H. Enter., Inc.,*
   2014 U.S. Dist. LEXIS 148988 (S.D. Fla. Oct. 17, 2014) ............................................ 4

*Bochese v. Town of Ponce Inlet,*
   405 F.3d 964 (11th Cir. 2005) ......................................................................... 4

*Bristol-Myers Squibb Co. v. Superior Court,*
   137 S. Ct. 1773 (2017) ................................................................................ 13

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985) ................................................................................... 12

*Cortlandt Street Recovery Corp. v. Hellas Telecomm,*
   790 F.3d 411 (2d Cir. 2015) ............................................................................ 4

*D&R Global Selections, S.L. v. Pineiro,*
   128 A.D. 3d. 486 (1st Dep't 2015) ..................................................................... 4

*Diaz v. Kroger Co.*,
   2019 WL 2357531 (S.D.N.Y. June 4, 2019) ............................................................. 5, 7, 10, 11

*Dominguez v. Athleta LLC*,
   2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) ............................................................. 8

*Dominguez v. Banana Republic,  LLC*,
   2020 WL 1950496 (S.D.N.Y. April 23, 2020) ............................................................. 8

*Dominguez v. Grand Lux Café LLC*,
   2020 WL 3440788 (S.D.N.Y. June 22, 2020) ............................................................. 7

*Dominguez v. Pizza Hut of Am., LLC*,
   2020 WL 3639977 (S.D.N.Y. July 6, 2020) ............................................................. 7

*Focus on the Family v. Pinellas Suncoast Trans. Auth.*,
   344 F.3d 1263 (11th Cir. 2003) ............................................................. 4

*Ford Motor Co. v. Mont. Eighth Jud. Distr. Ct.*,
   141 S. Ct. 1017 (2021) ............................................................. 13

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ............................................................. 11

*Hanson v. Denckla*,
   357 U.S. 235 (1958) ............................................................. 13

*In re Aluminum Warehousing Antitrust Litig.*,
   90 F. Supp. 3d 219 (S.D.N.Y. Mar. 3, 2015) ............................................................. 4

*Johnson v. TheHuffingtonPost.com, Inc.*,
   2021 WL 6070559 (5th Cir. Dec. 23, 2021) ............................................................. 13

*Kreisler v. Second Ave. Diner Corp.*,
   731 F.3d 184 (2d Cir. 2013) ............................................................. 6

*Lopez v. Arby's Franchisor, LLC*,
   2021 WL 878735 (S.D.N.Y. Mar. 8, 2021) ............................................................. passim

*Lopez v. Peapod, LLC*,
   2021 WL 1108559 (S.D.N.Y. Mar. 23, 2021) .......................................................................... 5

*Makarova v. United States*,
   201 F.3d 110 (2d Cir. 2000) ................................................................................................... 5

*Mendez v. Apple Inc.*,
   2019 WL 2611168 (S.D.N.Y. Mar. 28, 2019) ..................................................................... 5, 9

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) .................................................................................................... 10

*Norkunas v. Seahorse NB, LLC*,
   444 Fed. Appx. 412 (11th Cir. 2011) ................................................................................... 4-5

*Norkunas v. Wynn Resorts Holdings, LLC*,
   No. 11-cv-1499, 2007 WL 2949569 (D. Nev. Oct. 10, 2007) ................................................ 8

*Norvel Ltd.  v. Ulstein Propeller AS*,
   161 F. Supp. 2d 190 (S.D.N.Y. Mar. 30,  2001) ..................................................................... 4

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
   609 F.3d 30 (2d Cir. 2010) ...................................................................................................... 9

*Quezada v. U.S. Wings, Inc.*,
   2021 WL 5827437 (S.D.N.Y. Dec. 7, 2021) .......................................................................... 11

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
   549 U.S. 422 (2007) ................................................................................................................. 9

*Southern Oil of La., Inc. v. Saberioon*,
   2021 WL 5180056 (S.D.N.Y. Nov. 8, 2021) ............................................................... 9, 10, 12

*Spokeo, Inc. v. Robbins*,
   578 U.S. 330 (2016) ................................................................................................................. 4

*Starmedia Network, Inc. v. Star Media, Inc.*,
   2001 WL 417118 (S.D.N.Y. Apr. 23, 2001) .......................................................................... 12

*Verragio v. Malakan Diamond Co.,*
  2016 WL 6561384 (S.D.N.Y. Oct. 20, 2016) .......................................................................... 11

*Walden v. Fiore*,
  571 U.S. 277 (2014) ....................................................................................................... 12, 13

## **Regulations**

28 U.S.C. § 1337(c) ............................................................................................................... 3, 15

28 U.S.C. §§ 2201 and 2202 ........................................................................................................ 1

42 U.S.C. §§12181-12189 ........................................................................................................... 1

Article III of the Constitution .................................................................................................. 4, 5

Defendant, GLEAM HOLDINGS, INC. ("Defendant"), a Delaware corporation with a principal place of business in California, through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b) and Local Rule 12, moves to dismiss Plaintiff LUIGI ABREU's ("Plaintiff's") Class Action Complaint for lack of standing, lack of personal jurisdiction, and failure to state a claim. This motion is supported by the accompanying declaration of Melanie Mills ("Mills Decl."), and in support of this motion states as follows:

## INTRODUCTION

Plaintiff, who is allegedly legally blind, has brought this instant action against Gleam seeking declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 U.S.C. §§ 2201 and 2202, claiming that the website located at MelanieMillsHollywood.com (the "Website") was inaccessible to him and others similarly situated. Complaint (ECF No. 1), ¶13 ("Compl."). As set forth further herein, Plaintiff fails to state a claim against Gleam Holdings under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, based on the alleged (and disputed) inaccessibility of its website and lacks standing due to a lack of injury and inability to allege the likelihood of future injury.

Plaintiff fails to allege injury to support standing to bring his claims. Plaintiff alleges two purported barriers to his use of the Website. The first does not even relate to the Website or Defendant, but alleges an injury due to the inability to read advertisement pop up links. Moreover, the generic Complaint does not plausibly allege an "intent" to return to the Website, nor that Plaintiff is a frequent customer of the Website or other Websites that sell cosmetic products. Such allegations are insufficient to demonstrate that, even if Plaintiff were injured, which he was not, that he will be injured by the Website in the future.

The lack of actual injury by Plaintiff is further supported by the fact that the law firm representing Plaintiff has reportedly filed over 400 lawsuits in this District in last quarter of 2021 alone. *See* Julia N. Sarnoff and John W. Egan, *Forum Shopping for a Website Lawsuit Over the Holidays? Look No Further than the SDNY*, ADA Title III News & Insights (Dec. 21, 2021), https://www.adatitleiii.com/2021/12/forum-shopping-for-a-website-lawsuit-over-the-holidays-look-no-further-than-the-sdny/.  Plaintiff lacks standing to bring the current action or alternatively, has failed to state a claim under the ADA.

In addition, Defendant does not have sufficient minimum contacts in the Southern District of New York, nor in all of New York State, for equity and justice to be satisfied by pulling Defendant into this jurisdiction. Gleam Holdings does not have any real or personal property in New York, does not have any employees in New York, and does not target its website, business solicitations, marketing, or advertising efforts to New York. Mills Decl. ¶¶ 2. Plaintiff has not alleged that Gleam Holdings has minimum contacts with or within the forum, or that the exercise of jurisdiction is reasonable in the circumstances. Plaintiff has not alleged that its alleged claims arise out of Gleam Holdings' contacts with the forum state. For this failure alone, Plaintiff's claims should be dismissed.

In other words, Plaintiff's claims should be dismissed because (a) he has failed to state a claim because he has not set forth his claims with particularity as required under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); (b) he lacks standing; and (c) the named Defendant is not subject to jurisdiction in New York. Accordingly, Defendant now moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2) & (6).

If the Court dismisses Plaintiff's federal claim, it then should decline to exercise supplemental jurisdiction over Plaintiff's state and local claims pursuant to 28 U.S.C. § 1337(c).

## ARGUMENT

## A.    Legal Standard for a Motion to Dismiss

Plaintiff seeks declaratory and injunctive relief pursuant to Title III of the ADA and the New York City Human Rights Law ("NYCHRL"), NYC Admin. Code §§ 8-101 *et seq.*  Compl. at ¶¶ 37-45.  Plaintiff alleges that largely unidentified and unspecified access barriers on the Website prevent him from accessing the Website. Compl. at ¶ 23. However, nowhere in his Complaint does Plaintiff set forth with any specificity how or why these undescribed issues prevented him from ordering, purchasing, examining or buying cosmetics from the Website, or what issues on the Website impacted his ability to obtain information on the Website.

Moreover, Plaintiff does not set forth any specific factual allegations, as he is required to do, why Plaintiff was allegedly unable to navigate the Website nor a specific intent to return to the Website for commerce in anything other than a generic fashion.  As such, Plaintiff lacks standing to bring the current action or alternatively, has failed to state a claim under the ADA. Accordingly, both of Plaintiff's claims should be dismissed for failure to meet the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (statutory causes of action must still be plead with sufficient particularity under Rule 8(a) or else suffer to be dismissed).

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant. *Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014). To survive such a motion, the plaintiff must "make a prima facie showing through its pleadings and

affidavits that jurisdiction exists." *Norvel Ltd. v. Ulstein Propeller AS*, 161 F. Supp. 2d 190, 199 (S.D.N.Y. 2001) (citations omitted). While a plaintiff's pleadings "are construed in the light most favorable to the plaintiff," a court "will not, however, accept legally conclusory assertions or draw argumentative inferences." *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 229 (S.D.N.Y. 2015) (citations omitted).

**B.** **Plaintiff Lacks Standing to Bring This Action**

Plaintiff must have standing to bring the present action as framed or the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of standing under Article III of the Constitution. The doctrine of standing is a doctrine of limitation to restrict "the category of litigants empowered to maintain a lawsuit in federal court" and as a means "to ensure that federal courts do not exceed their authority." *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338, 136 S. Ct. 1540 (2016) (recognizing also that it is plaintiff's burden to establish standing). Moreover, "standing must be determined as of the time at which the plaintiff's complaint is filed." *Focus on the Family v. Pinellas Suncoast Trans. Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003). Plaintiff bears the burden of "alleging facts that affirmatively and plausibly suggest that it has standing to sue." *Cortlandt Street Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416-17 (2d Cir. 2015).

As other courts have recognized, the judicial gatekeeper function – to determine among other things the issue of Plaintiff's standing and a cognizable ADA claim -- is especially necessary in ADA accessibility cases. *See generally Bowman v. G.F.C.H. Enter., Inc.*, 2014 U.S. Dist. LEXIS 148988, at *4-*5 (S.D. Fla. Oct. 17, 2014) (granting defendant strip mall operator's motion to dismiss plaintiff's ADA claim for lack of standing). Standing is a "threshold jurisdictional question that must be addressed prior to and independent of the merits of a party's claim." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (internal quotes and citations omitted). *See also Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 415 (11th Cir. 2011) (standing is a

requirement in ADA cases).  When presented with multiple grounds for dismissal, "the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has subject matter jurisdiction necessary to consider the merits of the action." *Lopez v. Peapod, LLC*, 2021 WL 1108559, *3 (S.D.N.Y. Mar. 23, 2021) (ADA accessibility claim) (quotation omitted).

We therefore begin with Plaintiff's lack of standing. "Courts may dismiss an otherwise sufficient complaint for a lack of subject matter jurisdiction 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Diaz v. Kroger Co.*, 2019 WL 2357531, *2 (S.D.N.Y. June 4, 2019) (same Plaintiff's counsel) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A plaintiff asserting subject matter jurisdiction has the burden of proving that it exists by a preponderance of the evidence." *Mendez v. Apple Inc.*, 2019 WL 2611168, *1 (S.D.N.Y. Mar. 28, 2019) (same Plaintiff's counsel) (citation omitted). Although the Court must accept as true all material factual allegations in the complaint, "a court may not premise jurisdiction on favorable inferences drawn from the pleadings." *Kroger*, 2019 WL 2357531, at *2 (citation omitted). "Instead, a plaintiff must show by a preponderance of the evidence that subject matter jurisdiction lies over the dispute." *Id.* (citation omitted). "When deciding a motion under Rule 12(b)(1), a court may rely on evidence outside the complaint." *Id.* (citation omitted).

"To survive a defendant's Rule 12(b)(1) motion to dismiss, a plaintiff must allege facts that affirmatively and plausibly suggest that he or she has standing to sue." *Apple*, 2019 WL 2611168, at *1 (citation omitted). "That is because under Article III of the Constitution, federal courts can resolve only 'cases' and 'controversies.'" *Id.* (citing U.S. Const. art. III, § 2). "To establish standing a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Apple*, 2019 WL 2611168, at *1 (quotation omitted).

"A plaintiff satisfies standing requirements to bring suit under Title III of the ADA only 'where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location.'" *Lopez v. Arby's Franchisor, LLC,* 2021 WL 878735, *3 (S.D.N.Y. Mar. 8, 2021) (ADA accessibility claim) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013)). Plaintiff cannot satisfy *any* of these three requirements.

Because it is good for business, Gleam Holdings aims to make its website accessible to all individuals, including blind, visually-impaired and handicapped people. Declaration of Melanie Mills filed April 29, 2022 ("Mills Decl."), ¶3. Gleam Holdings encourages customers and potential customers to contact it if they experience accessibility issues. *Id.* ¶4. Needless to say, Gleam Holdings has no record of Plaintiff ever alerting Gleam Holdings about any alleged accessibility issues (or ever purchasing a product, sending an email, engaging in a chat, or even visiting the website). *Id.* ¶¶5-8. Gleam Holdings has been working with its web designer to incorporate AccessiBe's plug-in in 2022. *Id.* ¶¶ 9.

None of Plaintiff's allegations contain enough detail to explain how they render Gleam Holdings' website inaccessible. Nevertheless, Gleam Holdings believes that it has addressed all of Plaintiff's specifically stated concerns. Moreover, Gleam Holdings has no intention of reversing or abandoning these improvements, and instead plans to expand them through use of the AccessiBe plugin.

Gleam Holdings' immediate response to Plaintiff's alleged concerns eliminates the second requirement to obtain standing in an ADA case, namely, that the alleged discriminatory treatment

will continue. *See Arby's,* 2021 WL 878735, at \*3**.** In addition to addressing Plaintiff's specific issues, Gleam Holdings is committed to making its website accessible because it is good for business, has improved its accessibility in numerous respects, and is planning on introducing improvements to its website in 2022. Mills Decl. ¶ 9. This stands in sharp contrast to Plaintiff's cut-and-paste allegation that he visited Gleam Holdings' Website perhaps once in February of 2022, encountered an accessibility issue and immediately filed a lawsuit against a small business based in, and incorporated in, other states. *See, e.g., Kroger*, 2019 WL 2357531, at \*3–4 (relying upon company affidavit to find company corrected alleged accessibility issues and thus plaintiff lacked standing).

Courts most frequently find in these types of ADA cases that the plaintiff fails to satisfy the third requirement for standing, namely, a reasonable inference of the plaintiff's intent to return to the currently inaccessible place of public accommodation. *See Arby's,* 2021 WL 878735, at \*3–4 (collecting cases). That is where Plaintiff's Complaint here is particularly deficient. "In order to obtain injunctive relief, a plaintiff cannot rely on a past injury alone but must demonstrate that she is likely to be harmed again in the future in a similar way." *Id*. at \*3 (quotations omitted). "Intent to return is a 'highly fact-sensitive inquiry.'" *Dominguez v. Grand Lux Café LLC*, 2020 WL 3440788, at \*3 (S.D.N.Y. June 22, 2020) (ADA accessibility claim) (quoting *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015)) (other citation omitted). "To establish this factor, '[t]he plaintiff must allege specific facts that show a plausible intention or desire to return to the place but for the barriers to access.'" *Arby's,* 2021 WL 878735, at \*3 (quoting *Grand Lux Café*, 2020 WL 3440788, at \*3). "Merely asserting an intent to return to the place of injury some day, when the alleged barriers have been rectified, is insufficient." *Arby's,* 2021 WL 878735, at \*3 (quoting *Dominguez v. Pizza Hut of Am., LLC*, 2020 WL 3639977, at \*2 (S.D.N.Y. July 6, 2020)).

Just like his other complaints, Plaintiff's broad claim that he is interested in purchasing Defendant's cosmetics products ("gleam face and body radiance products"), and that he "intends to return to the website in order to transact business there as soon as the accessibility barriers are cured." Compl. ¶¶ 20 & 24. However, "courts need not credit a complaint's conclusory statements without reference to its factual context." *Arby's,* 2021 WL 878735, at *3 (quotations omitted). "The Second Circuit and other courts have failed to find a sufficient intent to return even in cases where plaintiffs had pled far more specific allegations than what Plaintiff has done here." *Id.* (citing cases). As in *Dominguez v. Banana Republic, LLC,* 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020), Plaintiff here fails to allege facts to support an intent to return to the Website. Like *Dominguez,* Plaintiff fails to allege the frequency of his past visits to the cosmetics website, an interest in procuring cosmetics, owning cosmetics, or that Plaintiff has been a customer of Defendant on prior occasions. *Id.* at *4. As *Dominguez,* Plaintiff's "generic, conclusory statements are plainly insufficient." *Id. See also Dominquez v. Athleta LLC*, 2021 WL 918314 (S.D.N.Y. Mar. 10, 2021) (dismissing complaint where plaintiff failed "to establish that he has a genuine interest in shopping at [defendant's women's athletic wear] stores in the future.")

Thus, Plaintiff's "complaint does not offer sufficient non-conclusory factual allegations to establish an intent to return." *Id.* at *4 (quotation omitted). Moreover, Plaintiff's claim of an injury is undermined by the fact that Plaintiff's Amended Complaint is one of almost two dozen virtually identical lawsuits that he filed against various small businesses, all filed in New York even where the named defendants have no retail presence in New York. "[A] plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return." *Norkunas v. Wynn Resorts Holdings, LLC*, No. 11-cv-1499, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007). *See also Dominguez v. Athleta*, 2021 WL 918214, at *3 ("Plaintiff has filed at least 24 nearly identical

complaints against other retailers in this district, which undermines the sincerity of Plaintiff's alleged intent to return to the Defendant's business."). It is doubtful enough on the face of the Complaint that Plaintiff actually intended to purchase products from Gleam Holdings' website; but it is even less credible that Plaintiff intends to purchase products from the dozens of website operators that he sued with a similar complaints. These cut-and-paste complaints undermine the persuasiveness of Plaintiff's claim to have suffered a particularized and concrete injury. *Mendez v. Apple, Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) ("[T]hose who live by the photocopier shall die by the photocopier" to the extent that they, as Plaintiff does here, "fail[] specifically to assert any concrete injury."). "Plaintiff's boilerplate, cut-and-paste, fill-in-the-blanks Amended Complaint does not provide enough specificity to satisfy the requirements for standing under the ADA." *Arby's,* 2021 WL 878735, at *4.

Because the same standing requirements apply to Plaintiff's state and local claims, Plaintiff also lacks standing to assert his state and city claims. *Id*. In sum, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**D.    This Court Lacks Personal Jurisdiction Over Gleam Holdings Under New York's Long Arm Statute and the Due Process Clause**

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Southern Oil of La., Inc. v. Saberioon*, 2021 WL 5180056, *2 (S.D.N.Y. Nov. 8, 2021) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)) (other citations omitted). "A plaintiff opposing a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) 'bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit.'" *Southern Oil*, 2021 WL 5180056, *2 (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010)) (other citation

omitted). "Prior to an evidentiary hearing, a plaintiff need only make a *prima facie* showing that jurisdiction exists." *Southern Oil*, 2021 WL 5180056, at *2 (citations omitted). "Where a court does not hold an evidentiary hearing on the jurisdictional question, it may, nevertheless, consider matters outside the pleadings." *Kroger*, 2019 WL 2357531, at *5 (citation omitted).

"Whether a foreign defendant can be sued in a federal court 'is determined in accordance with the law of the state where the court sits, with federal law entering the picture only for the purpose of deciding whether a state's assertion of jurisdiction contravenes a constitutional guarantee.'" *Southern Oil*, 2021 WL 5180056, at *4 (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)) (other citation omitted). "In assessing whether personal jurisdiction exists, courts engage in a two-part analysis, first determining whether there is a statutory basis for exercising personal jurisdiction, and second deciding whether the exercise of jurisdiction comports with due process." *Southern Oil*, 2021 WL 5180056, at *4 (citations omitted).

Absent exceptional circumstances, general jurisdiction is appropriate in New York only if a company is incorporated in New York or has its principal place of business in New York. *Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at *6 (S.D.N.Y. Mar. 7, 2014); *Magdalena v. Lins*, 123 A.D.3d 600, 601, 999 N.Y.S.2d 44, 45 (1st Dep't 2014) ("There is no basis for general jurisdiction pursuant to CPLR 301, since [defendant] is not incorporated in New York and does not have its principal place of business in New York"); *D & R Global Selections, S.L. v. Pineiro*, 128 A.D.3d 486, 487, 9 N.Y.S.3d 234, 235 (1st Dep't 2015) ("As defendant neither is incorporated in New York State nor has its principal place of business here, New York Courts may not exercise jurisdiction over it under CPLR 301."). General jurisdiction may also exist where a defendant's "affiliations with the State are so continuous and

11375568-1

10

systematic as to render [it] essentially at home in the forum State." *Verragio v. Malakan Diamond Co.*, 2016 WL 6561384, at *2 (quoting Daimler AG v. Bauman, 134 S.Ct. 746, 751 (2014)). Plaintiff has not alleged any basis for general jurisdiction over Defendant. *See* Compl. ¶ 8 (alleging without explanation that "Defendants are subject to the personal jurisdiction of this District."). Nor can he. It has no employees, offices, real estate, or other physical presence in New York. Mills Decl. ¶ 2. There is no doubt that Gleam Holdings, a Delaware company with its headquarters and principal place of business in California (Mills Decl. ¶ 1), is not subject to general jurisdiction in New York. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011) ("the paradigm forum for the exercise of general jurisdiction … for a corporation … is … one in which the corporation is fairly regarded as at home") (ellipses added).

This leaves specific jurisdiction. New York's long-arm statute, 35 C.P.L.R. § 302(a) does not reach to the limits of the Due Process Clause. *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 244 (2d Cir. 2007). Plaintiff's counsel has previously asserted in these types of cases that the Court has personal jurisdiction because the defendant "transacts any business" in New York. *See* 35 C.P.L.R. § 302(a)(1); *cf. Kroger*, 2019 WL 2357531, at *5–7 (finding no personal jurisdiction); *U.S. Wings*, 2021 WL 5827437, at *6–7 (finding personal jurisdiction). "Therefore, a court has to determine (1) whether the defendant transacts any business in New York and, if so, (2) whether this cause of action arises from such a business transaction." *U.S. Wings*, 2021 WL 5827437, at *6 (cleaned up) (quotation omitted).

Simply operating a website that can be accessed anywhere in the world is insufficient to establish that Gleam Holdings is transacting business in New York. While there is some contrary authority within the District, several other judges in the District have reached the same conclusion as the Court does here, and have held that simply operating a website, absent more, is insufficient

to establish that Defendants "transact business" in New York within the meaning of C.P.L.R. § 302(a)(1) sufficient to subject a defendant to jurisdiction in New York. *American Girl, LLC v. Zembrka*, 2021 WL 1699928, at *6 (S.D.N.Y. Apr. 28, 2021) (collecting cases); *see also Best Van Lines,* 490 F.3d at 350 ("[I]t is now well established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit.") (quoting *Starmedia Network, Inc. v. Star Media, Inc.,* 2001 WL 417118, at *3 (S.D.N.Y. Apr. 23, 2001)).

The critical element that is missing is any purposeful activity by Gleam Holdings to target or aim its website at potential New York customers. *Cf. Best Van Lines,* 490 F.3d at 246 ("New York courts define transacting business as purposeful activity—some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.") (citations omitted). In other words, "[i]t is 'insufficient to rely on a defendant's "random, fortuitous, or attenuated contacts" or on the "unilateral activity" of a plaintiff' with the forum to establish long-arm/specific jurisdiction." *Southern Oil*, 2021 WL 5180056, at *4 (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In short, absent some action taken by Gleam Holdings to specifically target New York or New Yorkers with its website, Plaintiff cannot establish that Gleam Holdings "transacts business" in New York for the purposes of personal jurisdiction. *See American Girl,* 2021 WL 1699928, at *7.

Because Plaintiff cannot establish that the Court has personal jurisdiction under New York's long-arm statute, we need not consider the second requirement to establish personal jurisdiction, namely, that the assertion of such jurisdiction comports with due process. Nevertheless, it should be apparent that jurisdiction based solely on Plaintiff's unilateral access to

Gleam Holdings' website in New York would violate the Due Process Clause. The Supreme Court has twice declined to establish the limits of specific jurisdiction created solely through internet contacts. *Cf. Ford Motor Co. v. Mont. Eighth Jud. Distr. Ct.*, 141 S. Ct. 1017, 1028 n.4 (2021) ("And we do not here consider internet transactions, which may raise doctrinal questions of their own."); *Walden*, 571 U.S. at 290 n.9 ("[T]his case does not present the very different questions whether and how a defendant's virtual 'presence' and conduct translate into 'contacts' with a particular State."). Still, recent caselaw strongly suggests that Plaintiff's personal jurisdiction theory—allowing suit anywhere any person encounters any website accessibility issue—would violate Gleam Holdings' right to due process.

The Supreme Court has repeatedly required that the contact with the forum be the result of the defendant's actions, and not the unilateral actions of the plaintiff. The defendant must "purposefully avail itself of the privilege of conducting activities in the forum State." *Ford Motor*, 141 S. Ct. at 1024 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The defendant's ties to the forum, in other words, must be ties that "the defendant *himself*" purposefully forged. *Walden*, 571 U.S. at 284 (emphasis in original). Furthermore, "[t]he plaintiff's claims, we have often stated, must arise out of or relate to the defendant's contacts with the forum." *Ford Motor*, 141 S. Ct. at 1025 (collecting cases). "What is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017).

Reading these cases together leads inevitably to the conclusion that the Fifth Circuit recently reached: "Accessibility alone cannot sustain our jurisdiction. If it could, lack of personal jurisdiction would be no defense at all." *Johnson v. TheHuffingtonPost.com, Inc.*, 2021 WL 6070559, at *4 (5th Cir. Dec. 23, 2021). As that court explained, if a defendant could be sued

anywhere its website could be accessed, that would eliminate the distinction between general and specific jurisdiction, and allow any website operator to be sued anywhere. *Id*. at *7–8. And that would violate the Due Process Clause.

In sum, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).

**D.      Plaintiff Fails to Allege Facts Sufficient to State Claim for Violation of the ADA**

Even if Plaintiff had standing to assert his claims and the Court had specific personal jurisdiction over Gleam Holdings, dismissal would be warranted because Plaintiff fails to state a claim for relief under the ADA. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)**,** "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even treating Plaintiff's factual allegations as true for purposes of this motion, the Court's standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A complaint need not make 'detailed factual allegations,' but it must contain more than mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Arby's,* 2021 WL 878735, at *3 (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff appears to be seeking to impose liability on Defendant for some alleged failure to comply with WCAG 2.1, even though said standards are voluntary, and not required or mandated by local, state or federal governmental agencies or entities. Accordingly, even if Plaintiff has set forth clear allegations as to where the Website is not in compliance with the WCAG guidelines -- which Plaintiff did not -- Plaintiff has made no factual allegations or plain statements that such non-compliance inherently or automatically makes the Website in violation of the ADA, or unusable by Plaintiff.

Plaintiff's grievance appears to be that the Website does not provide a blind person with the same online shopping experience as a person with no vision issues. While we allege that this is not factually true, even if true, this is not sufficient to state a cause of action under the ADA, and therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Therefore, even if these claims were supported by facts included in the Complaint, they would not serve to state a cause of action as they are less than an "unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. None of Plaintiff's naked assertions include any of the factual enhancements required under *Iqbal*. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

Accordingly, even if Plaintiff has set forth clear allegations as to where the Website is not in compliance with the WCAG 2.1 guidelines -- which it did not -- Plaintiff has made no factual allegations or plain statements that such non-compliance inherently or automatically makes the Website in violation of the ADA, or unusable by Plaintiff.

**F.**     **Plaintiff's Local and State Claims Should Be Dismissed**

"Ordinarily, pursuant to 28 U.S.C. § 1337(c), when a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Arby's,* 2021 WL 878735, at *7 (citations omitted). Once the Court dismisses Plaintiff's ADA accessibility claim, the Court should take the same step it took in *Arby's*, and decline supplemental jurisdiction over Plaintiff's state and local accessibility claims.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff lacks standing, the Court lacks personal jurisdiction over Defendant and Plaintiff fails to state a claim.

**WHEREFORE**, the Defendant respectfully requests the entry of an Order (i) granting this Motion; (ii) dismissing Plaintiff's Complaint; and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 29th day of April, 2022.                   Respectfully submitted,


                                    SCHOEMAN UPDIKE KAUFMAN &
                                    GERBER LLP

                                    By: _____
                                         Patricia C. O'Prey
                                         551 Fifth Ave., 12th Floor
                                         New York, NY 10176
                                         (212) 661-5030
                                         poprey@schoeman.com
                                         *Attorneys for Defendant Gleam Holdings,
                                         Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 29, 2022 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

MIZRAHI KROUB LLP
Edward Y. Kroub
Jarrett S. Charo
William J. Downes
200 Vesey Street, 24th Floor
New York, NY 10281
ekroub@mizrahikroub.com
jcharo@mizrahikroub.com
wdownes@mizrahikroub.com

By: */s/ Patricia C. O'Prey*

Patricia C. O'Prey

11375568-1

17